**15SL-CC01345**

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **CRAIG GOZA, JR.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| **CITY OF ELLISVILLE** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SERVE: | ) | |
| George Restovich, City Attorney | ) | |
| Restovich Allen, LLC | ) | |
| 214 North Clay, Suite 210 | ) | |
| Kirkwood, MO 63122 | ) | |
| | ) | |
| **SAINT LOUIS COUNTY** | ) | |
| | ) | |
| SERVE: | ) | |
| Patricia Redington, County Counselor | ) | |
| County Government Center | ) | |
| 41 South Central, 9th Floor | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| **TRAVIS DETRING** | ) | |
| SERVE AT: | ) | |
| 116 W. Arlee Avenue | ) | |
| St. Louis, MO 63125 | ) | |
| | ) | |
| **GEORGE CORLESS** | ) | |
| SERVE AT: | ) | |
| 302 Hunters Heights Drive | ) | |
| Eureka, MO 63025 | ) | |
| | ) | |
| **KELLY MURRAY** | ) | |
| SERVE AT: | ) | |
| 714 Haven View Drive | ) | |
| O'Fallon, MO 63366 | ) | |
| | ) | |
| **METRO WEST FIRE PROTECTION** | ) | |
| **DISTRICT** | ) | |

1

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

| | |
|---|---|
| SERVE AT: | ) |
| Chief Executive Officer or | ) |
| Designated Agent | ) |
| 17065 Manchester Rd. | ) |
| Wildwood, Missouri 63040 | ) |
| | ) |
| **SCOTT FIESER** | ) |
| SERVE AT: | ) |
| 10 Whitsetts Fork Ridge Road | ) |
| Wildwood, MO 63038 | ) |
| | ) |
| **MICHAEL STARCK** | ) |
| SERVE: | ) |
| 259 Cherry Hill Meadows Drive | ) |
| Wildwood, MO 63040 | ) |
| | ) |
| **DOES 1 – 10** | ) |
| | ) |
| **Defendants.** | ) |

## PETITION

COMES NOW Plaintiff, Craig Goza, Jr., and for his Petition against Saint Louis County, the City of Ellisville, and individuals Travis Detring, George Corless, Kelly Murray, Scott Fieser, Michael Starck, and John/Jane Does 1-10, state as follows:

## INTRODUCTION

1.      In response to a 911 call, Defendants were deployed to Plaintiff's private residence to render medical assistance to Plaintiff, who was suffering a seizure. Instead of providing medical care, Defendants subjected Plaintiff to inhumane acts of violence.

## PARTIES

2.      Defendant St. Louis County is a governmental entity operating pursuant to the laws of the State of Missouri, capable of being sued. The St. Louis County Police Department is a separate department of Defendant St. Louis County, which is organized and existing under the

2

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

County's charter. The St. Louis County Police Department has the authority and responsibility for hiring, training, and supervising its officers as well as administering the law enforcement policies, practices, and customs throughout the County and its 91 municipalities, including the City of Ellisville.

3.      Defendant City of Ellisville is a municipal corporation operating pursuant to the laws of the State of Missouri, amenable to suit under Mo. Rev. Stat. § 79.010. The City of Ellisville maintains a local police department, which is organized and existing under the municipality's charter. The Ellisville Police Department has the authority and responsibility for hiring, training, and supervising its officers as well as administering the law enforcement policies, practices, and customs throughout the municipality.

4.      Defendant Travis Detring is employed as a Patrol Officer with the Ellisville Police Department and received his training and certification from the St. Louis County and Municipal Academy. At all times mentioned herein, Defendant Detring was acting under the color of state law and in accordance with the polices, practices, and customs of Defendants St. Louis County and the City of Ellisville. Plaintiff brings his state law claims against Defendant Detring in his individual capacity.

5.      Defendant George Corless is employed as a Captain with the Ellisville Police Department and received his training and certification from the St. Louis County and Municipal Academy. At all times mentioned herein, Defendant Corless was acting under the color of state law and in accordance with the polices, practices, and customs of Defendants St. Louis County and the City of Ellisville. Plaintiff brings his state law claims against Defendant Corless in his individual capacity.

6.      Defendant Kelly Murray is employed as a Lieutenant with the Ellisville Police Department and received his training and certification from the St. Louis County and Municipal

3

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

Academy.  At all times mentioned herein, Defendant Murray was acting under the color of state law and in accordance with the polices, practices, and customs of Defendants St. Louis County and the City of Ellisville.  Plaintiff brings his state law claims against Defendant Murray in his individual capacity.

7.    Defendant Metro West Fire Protection District is a political subdivision operating pursuant to the laws of the State of Missouri, amenable to suit under Mo. Rev. Stat. § 321.220. Metro West Fire Protection District has the authority and responsibility for hiring, training, and supervising its Paramedics as well as administering the law enforcement policies, practices, and customs throughout the District.

8.    Defendant Scott Fieser, license #P-13222, is employed as a Paramedic with Metro West Fire Protection District.  At all times mentioned herein, Defendant Fieser was acting under the color of state law and in accordance with the polices, practices, and customs of Defendant Metro West Fire Protection District.  Plaintiff brings his state law claims against Defendant Fieser in his individual capacity.

9.    Defendant Michael Starck, license #P-11808, is employed as a Paramedic with Metro West Fire Protection District.  At all times mentioned herein, Defendant Starck was acting under the color of state law and in accordance with the polices, practices, and customs of Defendant Metro West Fire Protection District.  Plaintiff brings his state law claims against Defendant Starck in his individual capacity.

10.    The true names of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as fictitiously named Defendants are, in some manner, responsible for the events and happenings herein referred to and caused the damage to Plaintiff as herein alleged.  When Plaintiff ascertains the true names

4

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

and capacities of Does 1 through 10, Plaintiff will seek leave of this Court to amend his petition by setting forth the identity of the unknown defendants.

## JURISDICTION

11.  Jurisdiction over the Defendants, arising out of their intentional, reckless, and willful and wanton misconduct is proper pursuant to Mo. Rev. Stat. § 537.600.

12.  This Court possesses concurrent jurisdiction over Plaintiff's claims brought against the Defendants under 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

## VENUE

13.  Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010 in that Plaintiff Craig Goza was first injured by the wrongful acts of Defendants in St. Louis County, Missouri, and Plaintiff's cause of action accrued in St. Louis County, Missouri.

## FACTS

14.  On January 30, 2014, at approximately 2:30 p.m., Plaintiff Craig Goza was studying for his university graduate program exams at his parents' residence, located at 16224 Castlerea Boulevard, Ellisville, Missouri.

15.  At that time, only Craig and his sister, Rachel Goza, were present at the home.

16.  Rachel Goza witnessed Plaintiff convulsing from a seizure and immediately called 911.

17.  The Saint Louis County Police Department answered the 911 call and was responsible for providing the necessary information via dispatch to the reporting officers and paramedics.

5

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

18.     Defendants Travis Detring, George Corless, Kelly Murray, and/or Does 1 through 5 responded to the 911 call for medical assistance and arrived at the Goza residence at approximately 2:51 p.m.

19.     At all times mentioned herein, Defendants George Corless, Kelly Murray, and Does 1 through 5 assisted Travis Detring and participated in the use of force on Plaintiff Craig Goza.

20.     In addition to the Defendant Officers, Defendants Scott Fieser, Michael Starck, and/or Does 6 through 10 responded to the scene and assumed the duty to render medical care to Plaintiff.

21.     Upon Defendants' arrival, Plaintiff was still suffering from the episodic seizure or was in a postictal state.

22.     Plaintiff's limbs were involuntarily contracting and his teeth were clenching. He was not verbally responsive and was unable to give his consent to the Defendants to present him to a medical care facility.

23.     Defendants knew or should have known that the correct treatment for Plaintiff was to remove any and all surrounding objects and simply guide Plaintiff to his side.

24.     Defendants knew or should have known that one of the worst and most harmful actions was to restrain Plaintiff.

25.     According to his police report, Defendant Detring decided to use force on Plaintiff because Plaintiff was reportedly contracting his limbs and appeared to bite at Detring's pant leg while Plaintiff lay convulsing on the floor.

26.     Detring surmised that Plaintiff's physical state was the result of suspected drug use. This opinion was recklessly unfounded and utterly false.

6

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

27.   Defendants were aware that the 911 call had been designated a "Medical Assistance" call and that Plaintiff was suffering from a seizure.

28.   Detring misinterpreted or chose to ignore the quintessential symptoms of the medical emergency from which Plaintiff was suffering, including nonresponsiveness, contracting of the limbs, and clenching of the teeth, as the purported justification for his use of force against Plaintiff.

29.   Defendant Detring used a closed-hand fist and struck Plaintiff directly in the head in an effort to knock Plaintiff unconscious while Plaintiff was still actively suffering from his seizure episode.

30.   While Plaintiff screamed for help, Defendant Detring restrained Plaintiff's convulsing wrist and attempted to move his body to the couch in the room.  Detring yelled at the Plaintiff to "settle down or I'll break your wrist!"

31.   Plaintiff could not settle down.  He was having a seizure.

32.   Defendant Detring next placed a handcuff on Plaintiff's right wrist.

33.   Still suffering from his seizure episode, after Defendant clamped the handcuff onto Plaintiff's seizing body, Plaintiff contracted and pulled away from Defendant Detring.

34.   Again, Detring wrongfully interpreted Plaintiff's standard seizing symptoms as a form of aggression, physically grabbed Plaintiff by the neck, and placed Plaintiff in a choke hold.

35.   Under accepted standards of medical care, a person who is suffering a seizure should not have their respiration restricted in any manner.

36.   However, Defendant Detring decided to shove Plaintiff's seizing body onto the floor, forcibly pressed Plaintiff's face down into the ground, and choked Plaintiff, all while Plaintiff was still convulsing.

7

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

37.     Even though a seizure victim should not have his limbs restricted, Detring next decided to apply both handcuffs to Plaintiff's wrists while Plaintiff's arms were still actively contracting.

38.     In order to do so, Detring placed his full body weight on top of Plaintiff and focalized his knee into the small of Plaintiff's back. This caused Plaintiff to suffer tremendous pain.

39.     Detring was initially unable get the second handcuff onto Plaintiff's contracting limb.

40.     Therefore, for the second time, Defendant Detring used his closed-fist and struck Plaintiff in the head in an effort to beat Plaintiff into a state of unconsciousness.

41.     Once Detring was able to injure Plaintiff to the point of submission, he applied the second handcuff on Plaintiff and placed him under arrest.

42.     After being struck in the head the second time, Plaintiff began to fear for his life.

43.     Plaintiff could do nothing to protect himself. He was a prisoner in his own body.

44.     Unsatisfied with the fact that only Plaintiff's arms were restrained, Defendant Detring noticed that Plaintiff's legs were also contracting from the seizure.

45.     To counteract Plaintiff's convulsing legs, Defendant Detring deployed his TASER International X26 less-lethal weapon.

46.     The X26 is a hand-held weapon that fires two metal barbs, which are positioned one above the other. The barbs are made from straightened fish hooks that penetrate the victim's flesh on impact and transmit electricity through copper wiring. Pulses of electrical current radiate in between the portions of the victim's flesh located in between the two barbs. In addition to shooting the metal barbs at a victim, the X26 also allows users to press the electrodes directly into the victim's flesh using the "drive stun" technique.

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

47.     The X26 can result in cardiovascular and respiratory injuries if the metal barbs are improperly injected too close the heart.

48.     Therefore, TASER International specifically warns users to avoid the center mass of a victim when deploying the X26 Taser.

49.     Presented with a captive victim, Detring decided to employ the "drive stun" technique and specifically targeted Plaintiff's chest cavity.

50.     Upon information and belief, it was the X26 deployment that prompted another seizure episode and increased the severity of the postictal state under which Plaintiff was suffering.

51.     Defendants forcibly attached Plaintiff to a gurney and placed him inside the Metro West ambulance in order to present him to St. Luke's Hospital.

52.     Pursuant to Section V of the Saint Louis County Police Department General Order 11-35, an officer is absolutely prohibited from accompanying a suspect during the conveyance if the officer used force in restraining the suspect.

53.     Defendant Detring decided to disobey this directive in order to subject Plaintiff to further abuse during the transit.

54.     Because Plaintiff's body was convulsing in the gurney, Detring deployed another "drive stun" technique into Plaintiff's chest with his X26 Taser.

55.     Upon information and belief, as a direct result of receiving shocks from the X26 Taser, Plaintiff became unresponsive and once again seized violently.

56.     After already having punched Plaintiff's head twice, induced further seizure activity through the deployment of his lethal X26 Taser, and after choking Plaintiff, Defendant Detring remained undeterred.

9

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

57.   During the short six mile ride to the hospital in which he was prohibited from being present in the first place, Detring drove the X26's metal barbs into Plaintiff's chest for a third and fortunately final time.

58.   As a result of Defendants' acts and omission, Plaintiff has and will continue to suffer from respiratory obstruction, loss of oxygen, continued seizure activity, facial contusions, abrasions to his torso, hands, and limbs, headaches, TASER wounds to the chest from the metal barbs that caused surface and interior burns, bruising, contusions, and permanent scarring at their point of entry, and severe emotional anguish.

## COUNT I

### 42 U.S.C. § 1983 – EXCESSIVE FORCE & UNREASONABLE SEIZURE

### (Against Defendants Travis Detring, George Corless, Kelly Murray, and Does 1-5)

59.   Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

60.   42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

61.   Plaintiff in this action is a citizen of the United States, and the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

62.   At all relevant times to this claim, Defendants were acting under the color of state law and in their capacities as police officers of St. Louis County and the City of Ellisville. Defendants' acts or omissions were conducted within the scope of their official duties or employment.

10

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

63. Plaintiff had a constitutional right to be free from unreasonable search and seizures, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

64. Plaintiff also had a constitutional right to bodily integrity and to be free from excessive force by law enforcement, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

65. Defendants knew that Plaintiff possessed these rights.

66. Defendants' use of force was malicious, callous, and/or in reckless disregard of Plaintiff's federally protected rights. Defendants' use of force was objectively unreasonable in light of the known facts and circumstances confronting them.

67. Defendants unlawfully seized Plaintiff against his will through objectively unreasonable and excessive physical force and thereby restrained Plaintiff of his freedom.

68. Defendants acted in concert and joint action with each other. Each Defendant police officer is therefore liable for the injuries and damages resulting from the unreasonable and excessive force of each other officer.

69. Defendants knew or should have known that each application of a Taser shock to Plaintiff inflicted great pain upon Plaintiff, who they knew was suffering a seizure.

70. TASER International specifically instructs law enforcement officers to avoid deploying a Taser into someone who is suffering from a seizure and to avoid targeting the chest of a victim.

71. Defendants knew that targeting Plaintiff's chest with the "drive stun" technique could cause serious bodily injury and even death.

72. Defendants knew that striking a victim in the head with a closed fist could cause serious bodily injury and even death.

11

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

73.     Defendants knew that placing a victim in a choke hold could cause serious bodily injury and even death.

74.     Defendants knew that obstructing a victim's respiratory ability by placing their full body weight onto the back of a seizure victim could cause serious bodily injury and even death.

75.     Defendants' aforementioned actions constituted lethal and deadly force in that it could have caused death and did cause serious bodily injury.

76.     Defendants were not justified in their use of lethal force against Plaintiff.

77.     Defendants' use of force was not necessary in order to protect any other person from apparent death or great bodily harm.

78.     At the time of Defendants' use of lethal force, Plaintiff was surrounded by at least three uniformed police officers.

79.     All of the police officers were much larger in size than the Plaintiff.

80.     Defendants knew Plaintiff did not have a weapon and that Plaintiff was otherwise unarmed.

81.     Plaintiff did not pose an immediate threat of harm that could not be controlled through less extreme measures.

82.     Defendants were dispatched to the scene on a "Medical Assistance" call.

83.     At the time Defendants reported to the medical scene, there were no reasonable grounds to suspect Plaintiff of having committed any crime.

84.     Defendants' use of force was not necessary to effect an arrest or capture, or to prevent the escape of a person Defendants knew or had reasonable grounds to believe had committed or attempted to commit a felony involving the use or threatened use of deadly force.

12

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

85.     Plaintiff was suffering from a seizure while located within his own private residence.

86.     Plaintiff had not harmed the only other person present, his sister Rachel.

87.     Plaintiff did not attempt to flee the Defendants.

88.     Plaintiff made no verbal threats.

89.     Nevertheless, Defendants unlawfully seized, detained, and handcuffed Plaintiff's person.

90.     Even after Plaintiff was restrained in handcuffs and attached to a gurney, Defendants continued to use lethal force against him.

91.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from physical and emotional injuries entitling him to compensatory damages.

92.     In addition, Plaintiff is entitled to an award of punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that their actions were made willfully, wantonly, and recklessly in disregard of Plaintiff's constitutional rights.

93.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and prays for interest and costs as allowable by federal law.

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, and further relief as may be just and proper.

## COUNT II

### 42 U.S.C. § 1983 – DELIBERATE INDIFFERENCE TO SAFETY AND HEALTH

### (Against Defendants Travis Detring, George Corless, Kelly Murray, Scott Fieser, Michael Starck, and Does 1-10)

13

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

94.     Plaintiff incorporates by reference all of the previous allegations contained in the

foregoing as if fully rewritten herein.

95.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

96.     Plaintiff in this action is a citizen of the United States, and the individual police

officer and paramedic Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

97.     At all relevant times to this claim, Defendants were acting under the color of state

law and in their capacities as police officers of St. Louis County and the City of Ellisville and as

paramedics of Metro West Fire Protection District, respectively.  Defendants' acts or omissions

were conducted within the scope of their official duties or employment.

98.     Plaintiff had a constitutional right to be free from cruel and unusual punishments,

as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.  The

Eighth and Fourteenth Amendments impose upon those acting under the color of state law an

affirmative obligation to protect those in their custody from being assaulted.

99.     Plaintiff had a constitutional right to be free from the deprivation of life, liberty,

or property, without due process of law, as guaranteed by the Fifth and Fourteenth Amendments

of the United States Constitution.  The Fifth and Fourteenth Amendments impose upon those

acting under the color of state law to take reasonable measures to address the health and safety of

those in their custody.

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

100.    Defendants acted in concert and joint action with each other.  Each Defendant is therefore liable for the injuries and damages resulting from each other Defendants' deliberate indifference to Plaintiff's health and safety.

101.    While he was restrained and in police custody, Plaintiff was choked, assaulted, and repeatedly electrocuted with a Taser.

102.    Defendants witnessed each of the individual acts of violence that their fellow police officers and paramedics inflicted.

103.    Defendants first witnessed Defendant Detring use a closed-first punch to strike a helpless and captive seizure victim.

104.    Defendants knew that the blow to Plaintiff's head could have caused death or serious bodily injury.

105.    After that first act of violence upon Plaintiff's person, Defendants possessed actual knowledge that there was a substantial risk to the continued health and safety of Plaintiff.

106.    Defendants nevertheless chose not to intervene to protect Plaintiff from any further acts of violence.

107.    Thereafter, Plaintiff was again punched, choked, forcibly restrained against his will, and repeatedly stabbed in the chest by a Taser.

108.    Defendants possessed actual knowledge that any one of the above-described actions could have resulted in Plaintiff's death, and did cause serious bodily injury.

109.    Throughout this ordeal, Defendants stood by and/or assisted in the continued assault of Plaintiff's person.

110.    Defendants' acts and/or omissions constituted deliberate indifference to Plaintiff's federally protected rights as guaranteed by the Eighth and Fourteenth Amendments.

15

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

111.    At the time they reported to the "Medical Assistance" scene, Defendants knew that Plaintiff was suffering from a seizure and/or was in a postictal state.

112.    Defendants knew that Plaintiff presented with a serious medical need.

113.    Instead of providing him medical care, Defendants treated Plaintiff – a private citizen suffering from a seizure in his own home – as a criminal.

114.    Defendants restrained Plaintiff's still-seizing body, placed him in custody, and continued to assault him.

115.    Defendants did not render any medical aid in between any of the above-described acts of assault even though they knew each act of violence caused serious bodily injury requiring immediate medical attention.

116.    Defendants failed to provide medical treatment.    Their choice to instead physically restrain and assault a victim who was suffering from a seizure was clearly inadequate, even to a lay person.

117.    Defendants' acts and/or omissions constituted deliberate indifference to Plaintiff's federally protected rights as guaranteed by the Fifth and Fourteenth Amendments.

118.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from physical and emotional injuries entitling him to compensatory damages.

119.    In addition, Plaintiff is entitled to an award of punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that their actions were made willfully, wantonly, and recklessly in disregard of Plaintiff's constitutional rights.

120.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and prays for interest and costs as allowable by federal law.

16

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, and further relief as may be just and proper.

## COUNT III

## 42 U.S.C. § 1983 –EQUAL PROTECTION AND AMERICANS WITH DISABILITIES ACT VIOLATION

### (Against Defendants Travis Detring, George Corless, Kelly Murray, Scott Fieser, Michael Starck, and Does 1-10)

121.     Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

122.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

123.     Plaintiff in this action is a citizen of the United States, and the individual police officer and paramedic Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

124.     At all relevant times to this claim, Defendants were acting under the color of state law and in their capacities as police officers of St. Louis County and the City of Ellisville and as paramedics of Metro West Fire Protection District, respectively.  Defendants' acts or omissions were conducted within the scope of their official duties or employment.

125.     Title II of the Americans with Disabilities Act ("ADA") prohibits state actors from discriminating against any qualified individual with a disability in programs, services, and activities.  42 U.S.C. § 12132.

17

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

126.    Plaintiff, as a person suffering from disabling seizure is a qualified individual under 42 U.S.C. § 12132, had a federal statutory right to be free from exclusion, denial of benefits, and/or discrimination by reason of his disability.

127.    Defendants knew of these clearly established rights.

128.    Defendants knew that they were deployed on a "Medical Assistance" call.

129.    Defendants knew that Plaintiff was suffering from a seizure and/or was in a postictal state.

130.    Defendants knew that Plaintiff could not verbally respond and did not have control over his bodily movements.

131.    Notwithstanding such knowledge, Defendants used Plaintiff's standard symptoms as the stated justification for their use of force on Plaintiff.

132.    Plaintiff's disability was thus a motivating factor in Defendants' decision to use excessive force and to unlawfully seize him against his will.

133.    Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and 42 U.S.C. § 12132.

134.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from physical and emotional injuries entitling him to compensatory damages.

135.    In addition, Plaintiff is entitled to an award of punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that their actions were made willfully, wantonly, and recklessly in disregard of Plaintiff's constitutional and federal rights.

136.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and prays for interest and costs as allowable by federal law.

18

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, and further relief as may be just and proper.

## COUNT IV

## 42 U.S.C. § 1983 – PUBLIC ENTITY LIABILITY

### (Against Defendants St. Louis County, the City of Ellisville, and Metro West Fire Protection District)

137.    Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

138.    42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

139.    Plaintiff in this action is a citizen of the United States, and Defendants St. Louis County, the City of Ellisville, and Metro West Fire Protection District are persons for purposes of 42 U.S.C. § 1983.

140.    Defendants caused the constitutional violations suffered by Plaintiff through their (1) official policies authorizing the unconstitutional actions listed herein; (2) widespread and "de facto" policies, procedures, practices, and/or customs sanctioning the unconstitutional actions listed herein; and (3) failure to effectively screen, train, supervise, discipline, and/or control the individuals in their employ.

19

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

141.    St. Louis County and the City of Ellisville have express policies which authorize the use of lethal Taser force even when victims do not pose a risk of serious bodily injury or death to others.

142.    Defendants deployed an X26 Taser into Plaintiff's chest cavity while Plaintiff was suffering from a seizure in his private residence. Defendants continued to deploy the Taser even after Plaintiff was already in handcuffs and attached to a gurney.

143.    Plaintiff never posed a risk or serious bodily injury or death to others warranting the use of lethal force.

144.    Nevertheless, acting in accordance with St. Louis County and the City of Ellisville express policies, Defendants used lethal Taser force on Plaintiff's person.

145.    Defendants' express policy thus caused the unconstitutional violations Plaintiff suffered, including the right to be free from excessive force by law enforcement as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

146.    In addition, at the time of Plaintiff's injuries, Defendants St. Louis County and the City of Ellisville were aware of, tolerated, approved, ratified, condoned, encouraged, and/or tacitly authorized a pattern and practice of unreasonable use of force, unlawful seizures, and deliberate indifference to individuals' safety and health by their law enforcement officers.

147.    Defendants failed to maintain a proper system for investigating and monitoring those officers who had used excessive and unreasonable force and engaged in the deliberate indifference to persons' safety and health.

148.    Defendants failed to subject officers who engaged in such conduct to discipline, closer supervision, or retraining to the extent it became a "de facto" policy and custom to tolerate the use of excessive force, unlawful seizures, and deliberate indifference to individuals' safety and health.

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

149.    This de facto policy held true in this case.  Upon information and belief, none of the officers that assaulted Plaintiff and violated his federally protected rights were terminated, suspended, or otherwise reprimanded for their unlawful conduct.

150.    Had St. Louis County and the City of Ellisville properly reprimanded, investigated, and/or monitored their officers, the individual Defendant police officers would have been aware of the consequence of engaging in such excessive force, unlawful seizures, and deliberate indifference and therefore would have refrained from violating Plaintiff's rights.

151.    Defendants' de facto policy of sanctioning unreasonable force, unlawful seizures, and deliberate indifference thus caused the violations of Plaintiff's federally protected rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments.

152.    Further, Defendants St. Louis County, the City of Ellisville, and Metro West Fire Protection District failed to train, supervise, and instruct the officers and paramedics in their employ regarding the proper response to medical assistance calls.

153.    The individual Defendant officers and paramedics responded to a private residence on a "Medical Assistance" call.

154.    The individual Defendants knew Plaintiff was suffering from a seizure and/or was in a postictal state.

155.    As a result of St. Louis County's, the City of Ellisville's, and Metro West Fire Protection District's unlawful omissions, Plaintiff's constitutional rights were violated.

156.    When enacting the ADA, the House Judiciary Committee stated:

> In order to comply with the non-discrimination mandate, it is often necessary to provide training to public employees about disability. For example, **persons who have epilepsy, and a variety of other disabilities, are frequently inappropriately arrested and jailed because police officers have not received proper training in the recognition of and aid of seizures. Such discriminatory treatment based on disability can**

21

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

be avoided by proper training. H.R.Rep. No. 101–485, pt. III, 101st
Cong., 2nd Sess. 50 (emphasis added).

157.   Defendants failed to failure to train, supervise, and instruct its officers and
paramedics on the proper handling of individuals suffering from an episodic seizure.

158.   Upon a review of Defendants' publically-available policies and training materials,
Defendants do not have any policies or procedures against utilizing or acquiescing in the use of
lethal force on those suffering from a seizure and/or in a postictal state.

159.   Defendants do not have any policies against deploying or acquiescing in the
deployment of Tasers on those suffering from a seizure and/or in a postictal state.

160.   Defendants do not have any policies against deploying or acquiescing in the
deployment of Tasers on those physically restrained and/or in handcuffs.

161.   Defendants do not have any policies against utilizing or acquiescing in the use of
lethal force on persons physically restrained and/or in handcuffs

162.   Defendants do not have any policies against physically restraining individuals
suffering from a seizure and/or in a postictal state.

163.   Defendants do not have any policies against physically restraining individuals
who refuse medical treatment within their own private residence.

164.   Had Defendants properly trained and/or instituted policies in the handling of such
situations, Plaintiff's federally protected rights under the Fourteenth Amendment and 42 U.S.C.
§ 12132 would not have been violated.

165.   As an actual and proximate result of Defendants' above described acts, omissions,
systemic flaws, polices, and customs, Plaintiff was assaulted, battered, and deprived of his
statutory rights under 42 U.S.C. § 1983 and his constitutional rights under the United States
Constitution.

22

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

166.    Plaintiff has suffered and will continue to suffer from physical and emotional injuries entitling him to compensatory against Defendants St. Louis County, the City of Ellisville, and Metro West Fire Protection District.

167.    Plaintiff is further entitled to attorneys' fees and costs against Defendants pursuant to 42 U.S.C. § 1983 and prays for interest and costs as allowable by federal law.

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs herein incurred, and further relief as may be just and proper.

## COUNT V

### ASSAULT AND BATTERY

**(Against Defendants Travis Detring, George Corless, Kelly Murray, and Does 1-5)**

168.    Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

169.    Defendants Travis Detring, George Corless, Kelly Murray, and Does 1-5 acted in their individual capacity and in concert with each other to physically and verbally threaten Plaintiff.

170.    Defendants' verbal threats included yelling at Plaintiff that they were going to "break his wrist", all while Plaintiff was suffering from a seizure and unable to control his own body.

171.    In addition to their verbal threats, Defendants carried out a number of overt physical actions that further placed Plaintiff in fear of imminent harm, including their attempts to punch, choke, shock Plaintiff with a Taser, and force him face-down into the ground.

172.    Defendants' actions constituted an unlawful offer and/or attempt to injure Plaintiff.

23

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

173.    Defendants' verbal threats and physical actions created an apparent present ability to carry out their attempt to injure.

174.    Defendants ultimately effectuated their assault of Plaintiff.

175.    Defendants punched Plaintiff repeatedly in the head, shocked and burned his chest cavity multiple times, forcibly restrained his still-seizing limbs in handcuffs, placed his captive body in a choke hold, and depressed his ability to breath with their full-body weight.

176.    Defendants' contact with Plaintiff's body offended a reasonable sense of personal dignity.

177.    At the time of Defendants' attempt and effectuation to injure, Plaintiff was surrounded by at least three uniformed police officers.

178.    All of the police officers were much bigger in size than the Plaintiff.

179.    Defendants knew Plaintiff did not have a weapon and that Plaintiff was otherwise unarmed.

180.    Plaintiff did not pose an immediate threat of harm.

181.    Defendants were dispatched to the scene on a "Medical Assistance" call.

182.    At the time Defendants reported to the medical scene, there were no reasonable grounds to suspect Plaintiff of having committed any crime.

183.    Defendants' attempt to injure was not necessary to effect an arrest or capture, or to prevent the escape of a person Defendants knew or had reasonable grounds to believe had committed or attempted to commit a felony involving the use or threatened use of deadly force.

184.    Plaintiff was suffering from a seizure while located within his own private residence.

185.    Plaintiff had not harmed the only other person present, his sister Rachel.

186.    Plaintiff did not attempt to flee the Defendants.

24

Electronically Filed - St Louis County - April 17, 2015 - 04:08 PM

187.    Plaintiff made no verbal threats.

188.    Defendants' attempt to injure and their harmful contact was thus was unlawful and unjustified.

189.    As a direct and proximate result of Defendants' assault and battery, Plaintiff has suffered and will continue to suffer from physical and emotional injuries entitling him to compensatory damages.

190.    In addition, Defendants possessed actual knowledge that Plaintiff was suffering from a medical emergency, and Defendants still chose to inflict further injury. Defendants' actions were thus made knowingly and in reckless disregard of Plaintiff's rights justifying the imposition of punitive damages.

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, interest as allowable under the law, and further relief as may be just and proper.

## COUNT VI

## FALSE ARREST

**(Against Defendants Travis Detring, George Corless, Kelly Murray, and Does 1-5)**

191.    Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

192.    Defendants Travis Detring, George Corless, Kelly Murray, and Does 1-5 acted in their individual capacity and in concert with each other to confine Plaintiff against his will without legal justification.

193.    All Defendants aided, abetted, procured, and/or assisted in the unlawful restraint and confinement mentioned herein.

194.    Defendants were deployed to a private residence on a "Medical Assistance" call.

25

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

195.    At the time they reported to the medical scene, Plaintiff had not committed any crime.

196.    While Plaintiff was conscious of his surroundings, he was not verbally responsive and was unable to give his consent to the Defendants to present him to a medical care facility.

197.    Even had he been able to give provide his consent, he would not have consented, and did not consent, to the restraint and confinement Defendants' employed.

198.    Defendants' treated Plaintiff as criminal and not a medical patient.

199.    Defendants restrained Plaintiff in handcuffs, forced his body facedown onto the ground, and attached him to a gurney against his will.

200.    There were no reasonable grounds to suspect Plaintiff of having committed any crime.

201.    Plaintiff was suffering from a seizure while located within his own private residence.

202.    Plaintiff had not harmed the only other person present, his sister Rachel.

203.    Plaintiff did not attempt to flee the Defendants.

204.    Plaintiff made no verbal threats.

205.    Nevertheless, Defendants charged Plaintiff with two crimes: assault on law enforcement and destruction of property.

206.    The alleged actions giving rise to these otherwise baseless charges only occurred *after* Defendants had already attempted to unlawfully confine and restrain Plaintiff against his will.

207.    Defendants misinterpreted or chose to ignore the quintessential symptoms of the very medical emergency from which Plaintiff was suffering, including nonresponsiveness,

26

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

contracting of the limbs, and clenching of the teeth, as the purported justification for their restraint and confinement.

208.    Defendants' detention and restraint of Plaintiff was thus unlawful and unjustified.

209.    As a direct and proximate result of Defendants' unlawful restraint and confinement, Plaintiff has suffered and will continue to suffer actual damages, including physical injuries inflicted during Defendants' commission of the unlawful restraint, embarrassment, disgrace, humiliation, and mental anguish.

210.    In addition, Defendants possessed actual knowledge that Plaintiff was suffering from a medical emergency, and Defendants still chose to restrain and confine him against his will, as well as brand him as a criminal. Defendants' actions were thus made knowingly and in reckless disregard of Plaintiff's rights justifying the imposition of punitive damages.

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, interest as allowable under the law, and further relief as may be just and proper.

## COUNT VII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Travis Detring, George Corless, Kelly Murray, and Does 1-5)

211.    Plaintiff incorporates by reference all of the foregoing allegations as if fully rewritten herein.

212.    Defendants Travis Detring, George Corless, Kelly Murray, and Does 1-5 acted in their individual capacity and in concert with each other to intentionally, maliciously, and/or recklessly cause Plaintiff to suffer serve humiliation, mental anguish, and emotional distress.

213.    Under the circumstances, Defendants' conduct was extreme and outrageous.

27

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

214.    Defendants knew Plaintiff was suffering from a seizure and/or was in a postictal state.

215.    Defendants knew Plaintiff was a medical victim to whom Defendants were obligated to render medical treatment.

216.    Because he was suffering from a seizure, Plaintiff already felt vulnerable and disoriented.

217.    Defendants knew that Plaintiff did not have control over his bodily movements.

218.    Notwithstanding such knowledge, Defendant Detring punched Plaintiff in his head.

219.    Once Plaintiff realized that he was punched by the very individual who was supposed to be helping him, Plaintiff was terrified and confused.

220.    The other Defendants witnessed Detring's closed-fist punch to Plaintiff's head.

221.    Instead of interceding to prevent or cease the further use of force, Defendants thereafter encouraged, promoted, and/or assisted in Detring's continued violent acts on a helpless medical victim.

222.    Plaintiff was frightened and felt helpless upon noticing the other Defendants' inaction.

223.    Defendants were shouting orders and threats at Plaintiff.

224.    Because Plaintiff was physically immobilized from his seizure, it was impossible for him to comply with Defendants' demands.

225.    Detring then placed Plaintiff in a choke hold and nearly strangled him to death.

226.    Already gasping for air, Detring forced Plaintiff facedown into the ground and further depressed his ability to breathe.

28

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

227.    Plaintiff was a prisoner in his own body and was completely unable to protect himself.

228.    Detring punched Plaintiff's head a second time, and beat him into submission.

229.    Defendants branded Plaintiff as a criminal, placed handcuffs on his wrists, and forced Plaintiff out of his own home.

230.    While he was being involuntarily removed on the gurney, Plaintiff could hear the law enforcement officers laughing.

231.    Defendants' actions completely dehumanized the Plaintiff.

232.    Once he was placed in handcuffs, Plaintiff thought the assault had ended.

233.    Unfortunately, Plaintiff was wrong.

234.    Even though Plaintiff was physically restrained, Detring specifically targeted Plaintiff's chest cavity with his Taser and shocked Plaintiff's still-seizing body multiple times.

235.    Since Detring was willing to deploy a Taser into a medical victim who was already handcuffed and in custody, Plaintiff did not know when or if Detring's assault would end.

236.    Plaintiff feared for his life.

237.    In order to minimize his own assault, Detring wrongfully accused Plaintiff of being on drugs and charged Plaintiff with two crimes: assault on law enforcement and destruction of property.

238.    As a result of the incident, Plaintiff now suffers from a debilitating fear of police. Plaintiff cannot escape the thought of his assault and often shakes and breaks out in a cold sweat when the incident revisits him.

239.    As a coping mechanism for his mental anguish, Plaintiff made the life-altering decision to attend law school to do his part to ensure this does not happen to anyone else.

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

240.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer actual damages, including embarrassment, disgrace, humiliation, mental anguish, and severe emotional distress.

241.    Plaintiff's injuries are medically diagnosable.

242.    In addition, Defendants possessed actual knowledge that Plaintiff was suffering from a medical emergency, and Defendants still chose to brand him as a criminal and place him in fear of his life. Defendants' actions were thus made knowingly and in reckless disregard of Plaintiff's rights justifying the imposition of punitive damages.

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, interest as allowable under the law, and further relief as may be just and proper.

## COUNT VIII

### RECKLESSNESS

### (Against Scott Fieser, Michael Starck, and Does 6-10)

243.    Plaintiff incorporates by reference all of the foregoing allegations as if fully rewritten herein.

244.    Defendants Scott Fieser, Michael Starck, and Does 6-10 acted in their individual capacity and in concert each other to recklessly cause Plaintiff physical and emotional harm.

245.    Defendants responded to a "Medical Assistance" call at Plaintiff's private residence.

246.    By responding to the scene, Defendants assumed a duty to render Plaintiff medical care.

247.    The law enforcement officers relied upon Defendants' instructions and/or silence for guidance as to the actions that were medically appropriate under the circumstances.

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

248.   Defendants failed to provide Plaintiff any medical treatment whatsoever.

249.   Defendants failed to advise the officers of the injurious interaction between improper restraint and an individual suffering from a seizure.

250.   Defendants failed to advise the officers of the risk of depressing a seizure victim's ability to breathe.

251.   Defendants failed to advise the officers against the use of force on a person suffering from a seizure and/or in a postictal state.

252.   Defendants allowed a law enforcement officer to accompany Plaintiff in the ambulance even though Defendants knew the officer had already unlawfully assaulted Plaintiff.

253.   Defendants failed to act in accordance with their duty despite having reason to know of facts that would have led a reasonable person to realize that Defendants' inaction created an unreasonable risk of harm to Plaintiff and a high degree of probability that substantial harm would result.

254.   Defendants' failed to treat Plaintiff and failed to instruct the law enforcement officers to avoid in engaging in conduct that they knew placed Plaintiff in further risk of substantial harm.

255.   As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered and will continue to suffer actual damages, including physical injuries, embarrassment, disgrace, humiliation, and mental anguish.

256.   In addition, Defendants possessed actual knowledge that Plaintiff was suffering from a medical emergency, and Defendants still chose not to treat him and knowingly failed to prevent further injuries over which they had the ability and duty to protect against. Defendants' actions were thus made knowingly and in reckless disregard of Plaintiff's rights justifying the imposition of punitive damages.

31

Electronically Filed - St. Louis County - April 17, 2015 - 04:08 PM

257.    WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess
of twenty-five thousand dollars ($25,000.00), his costs and fees herein incurred, interest as
allowable under the law, and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

/s/ Richard A. Voytas, Jr.

Richard A. Voytas, Jr., #52046
Alexander J. Cornwell, #64793
Voytas & Company
One North Taylor Ave.
St. Louis, Missouri 63108
(314) 932-1068 Office
rickvoytas@gmail.com

David M. Zevan, #42312
Kevin J. Davidson, #49975
Rachel L. Roman, #58553
Zevan & Davidson Law Firm, LLC
One North Taylor Ave.
St. Louis, Missouri 63108
(314) 588-7200 Office
(314) 588-7271 Facsimile
david@zevandavidson.com

*Attorneys for Plaintiff*